| | |
|---|---|
| WON-YOUNG CHOI, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. C08-5422KLS <br><br> ORDER TO SHOW CAUSE |

This matter comes before the court on plaintiff's filing of an application to proceed *in forma pauperis* and a complaint to review and set aside a decision of the Social Security Administration under 42 U.S.C. § 405(g). To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

By requesting the court to proceed *in forma pauperis*, plaintiff is asking the government to incur the filing fee because he allegedly is unable to afford the costs necessary to proceed with his cause of action. In his application, plaintiff states that in the past twelve months he received about $38,000 "from stock sold" and $15,000 "borrowed". (Dkt. #3, p. 1). Plaintiff further states that he has "a little bit less than" $2,000 in his checking account and $276 in his savings account, and that he owns stock, the value of which he describes as follows: "ranges of Move ($1000 ~ $3000)." (Id. at p. 2). Lastly, plaintiff states that he has an ex-wife, who has spinal injuries, and two autistic children, and indicates that he provides "constant care for everything," although it is not clear if that is for all three of them. (Id.).

Because the information provided by plaintiff concerning his financial situation is not complete, the Court is unable to determine at this time his eligibility for *in forma pauperis* status. Specifically, it is not clear how much, if any, plaintiff has remaining of the funds he received from the sale of the stock and money borrowed noted above (i.e., it is unclear if the money in his checking and savings account is all that remains of those funds or if the money in those accounts is from other sources), what the exact value of his remaining stock is, and whether he is able or intends to sell any more of the stock he owns. Nor does plaintiff indicate from whom he borrowed the above $15,000, or whether he expects to borrow any more money from that source, or any other source, in the future, and, if so, in what amounts. Finally, it is unclear to what extent, if any, plaintiff is financially supporting his wife and/or children, and whether he is financially obligated to provide such report.

Accordingly, the Court hereby finds and ORDERS as follows:

(1) Plaintiff shall seek to cure this deficiency by filing **no later than August 23, 2008**, a written response providing the information discussed above.

**Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The clerk is directed to send a copies of this Order to counsel for plaintiff.

DATED this 24th day of July, 2008.

Karen L. Strombom
United States Magistrate Judge