UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WON-YOUNG CHOI,<br><br>              Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>              Defendant. | CASE NO.    C08-5422KLS<br><br>SECOND ORDER TO SHOW CAUSE TO COMPLETE SERVICE OF COMPLAINT |

      Plaintiff has filed a complaint in this Court seeking judicial review of the denial of his application for Social Security disability benefits. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by <u>Mathews, Secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter is before the Court once more on plaintiff's failure to effect proper service of the complaint. After reviewing the record, the Court hereby finds and orders as follows:

      As noted in the Court's previous order to show cause (Dkt. #8), plaintiff's complaint was accepted for filing on August 1, 2008, after he paid the filing fee (Dkt. #5-#6). Also as noted in that order, because

ORDER
Page - 1

he has paid the Court filing fee, plaintiff is not proceeding *in forma pauperis* in this matter. Thus, plaintiff was informed that he is responsible for serving the defendant named in his complaint as required by Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 4 and Local Rule CR 4(c), that service must be made within 120 days after filing of the complaint (Fed. R. Civ. P. 4(m)), and that failure to properly serve the summons and complaint within the above time frame could result in the dismissal of this case without prejudice (Id.).

The Court additionally noted that because plaintiff named a federal officer – the Commissioner of Social Security – as defendant, he also must comply with the service requirements set forth in Fed. R. Civ. P. 4. That rule reads in relevant part:

> **(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**
>
> **(1)** *United States.* To serve the United States, a party must:
>
> **(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
>
> **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> **(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Id. In addition, Fed. R. Civ. P. 4(c)(2) provides that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint."

On August 21, 2008, the Clerk re-sent plaintiff copies of the summons, informing him they were for him to use to effect service. In its prior order to show cause, the Court noted that as of December 2, 2008, more than 120 days after plaintiff had paid the filing fee, it appeared that the complaint still had not been served in accordance with the requirements of Fed. R. Civ. P. 4 and Local Rule CR 4(c). Because service of the complaint was then overdue, plaintiff was directed to complete service thereof as required by the above rules, and provide the Court with proof thereof, by no later than January 11, 2009.

On January 9, 2009, the Court received a copy of a summons addressed to the Commissioner of Social Security at 6615 E. Fourth Plain Blvd., Vancouver, WA 98661. (Dkt. #9). The second page of the

summons sets forth the proof of service section, which is signed by plaintiff, and in which he declares he served the summons and complaint on January 7, 2009, by personally delivering a copy of them to "Social Security" and by "mailing to DC" and "Clerk". (Id.). This, however, does not constitute proper service of the summons and complaint.

As set forth above, Fed. R. Civ. P. 4(i) requires that when serving an agency of the United States, a copy of the summons and complaint must be served on each of the following: (1) the United States Attorney for the district where the action is brought; (2) the Attorney General of the United States; and (3) the United States agency or officer that issued the order being challenged. In this case, plaintiff is challenging the order of the Commissioner of Social Security in the United States District Court for the Western District of Washington. Accordingly, plaintiff must serve a copy of the summons and complaint on the United States Attorney for Western District Washington, the Attorney General of the United States and the Commissioner of Social Security.

Pursuant to Fed. R. Civ. P. 4(i), therefore, to effect proper service in this case, plaintiff must (a) (i) deliver a copy of the summons and of the complaint to the United States Attorney for the Western District of Washington at the United States Attorney's office in Seattle or (ii) send a copy of each by registered or certified mail to the United States Attorney at that office; (b) send a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and (c) and send a copy of the summons and complaint by registered or certified mail to the Office of General Counsel for the Commissioner of Social Security. See also Commissioner of Social Security's Hearing, Appeals and Litigation Law Manual ("HALLEX") I-4-1-2. In addition, as noted above, should plaintiff choose to serve the United States Attorney by personal delivery, it must be accomplished by a person who is at least 18 years old and who is not a party to this case. Fed. R. Civ. P. 4(c)(2).

Plaintiff again is warned that it is his responsibility to properly effect service in accordance with the requirements of Fed. R. Civ. P. 4., including determining the proper addresses to deliver and/or send copies of the summons and complaint. He shall properly effect service, and file proof thereof with the Court, by **no later than February 25, 2009. Plaintiff further is warned that failure to comply with the Court's order in the manner described herein will result in a recommendation that this matter be dismissed without prejudice for failure to prosecute.**

1 | The Clerk shall send a copy of this Order to plaintiff.

2 | DATED this 26th day of January, 2009.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4